UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HENG WANG & ASSOCIATES, P.C.
7 Mott Street, Ste 600A
New York, NY 10013
(t): (646) 543-5848
(f): (646) 572-8998
Attorneys for Defendant David Wang

------------------------------------------------------------------------X
WEI JIA ZHAO, Individually and
On Behalf of All Other Persons Similarly Situated,

        Plaintiffs,

  -against-                           **Case No.: 1:11-cv-07284**


WOK & ROLL 68 INC d/b/a WOK'N ROLL,
DAVID WONG, YAN QING ZHONG, LIANG LIANG,
and SEW K. CHEW

        Defendants.
------------------------------------------------------------------------X

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS

On the brief
Heng Wang (HW0786)

                              Heng Wang & Associates, P.C.
                              7 Mott Street, Suite 600A
                              New York, NY 10013
                              Tel: 646-543-5848
                              Fax: 646-572-8998

**TABLE OF CONTENTS**

STATEMENT OF FACTS………………………………………………………………4

ARGUMENT…………………………………………………………………………..…5

    I.      DEFENDANT DAVID WANG IS ENTITLED TO AN ORDER DISMISSING THE COMPLAINT AGAINST HIM………….5

          A. Defendant David Wang is not an "employer" under the FLSA and New York Labor Law………………………………………………………….5

CONCLUSION………………………………………………………………………8

**TABLE OF AUTHORITIES**

29 U.S.C. § 203(d)……………………………………….............................5

*Cater v. Dutchess Community College*, 735 F.2d 8 (2d Cir 1984)……………….6

*Chao v. Vidtape Inc.,* 196 F.Supp.2d 281 (E.D.N.Y. 2002),…………………….7

*Herman v. RSR Sec. Servs.,* 172 F.3d 132 (2d Cir 1999)………………………….6

*Moon v. Kwon*, 248 F. Supp. 2d 201 (S.D.N.Y. 2002)……………………………6, 7

*Patel v. Wargo*, 803 F.2d 632 (11th Cir. 1986)……………………………………7

*Perez v. Sanford*, 515 F. 3d 1150 (11th Cir. 2008)……………………………...7

*Yang v. ACBL Corp., et al,* 427 F.Supp.2d 327 (S.D.N.Y. 2005)………………...6

**STATEMENT OF FACTS**

Defendant David Wang operates a real estate investment business registered under the business name of Yang, Yu Ming Memorial R.E. Inc. 1999. He is the sole shareholder of Yang, Yu Ming Memorial R.E. Inc. 1999, which owns the premises located at 359 East 68th Street, New York, NY (hereinafter "premises"). Defendant David Wang leased the premises to Woh Hup Inc. from 2001 through July 2011 and currently leases the premises to Defendant Wok & Roll 68 Inc. (hereinafter "Wok & Roll") since August 2011.

Plaintiff alleges that he was employed by Defendant David Wang at Wok & Roll from September 2007 through September 2011 and that he is owed minimum wage pay and overtime pay pursuant to FLSA and New York Labor Law.

However, Defendant David Wang's only connection to the restaurant operating at his premises since 2001 is an established landlord tenant relationship. Defendant David Wang has not acted as an employer of Plaintiff and is simply the landlord to Wok & Roll. Defendant David Wang's primary residence is in China but he maintains a residence on the 9th floor of the premises. Defendant David Wang uses his New York residence occasionally about ten (10) to fifteen (15) days a year. His visits are intended to review tax accounting of his real estate investment business and to visit his son that resides in New York.

Defendant David Wang has no interest either as principal, shareholder, or employer of Wok & Roll 68 Inc. or Woh Hup Inc. Nor has he worked in any capacity for Wok & Roll 68 Inc. or Woh Hup Inc. He has never hired or fired any employees of Wok & Roll 68 Inc. or Woh Hup Inc. He has never supervised any employees of Wok & Roll 68 Inc. or Woh Hup Inc. He has no control over Wok & Roll 68 Inc. or Woh Hup Inc. employees work schedules. And, he has no authority to affect the quality of Wok & Roll 68 Inc. or Woh Hup Inc. employees' employment.

**ARGUMENT**

I. **DEFENDANT DAVID WANG IS ENTITLED TO AN ORDER DISMISSING THE COMPLAINT AGAINST HIM**

The Defendant David Wang does not meet the requirements of "employer" under the FLSA or New York Labor Law.  Therefore, Defendant David Wang's motion to dismiss should be granted.

A. **Defendant David Wang is not an "employer" under the FLSA and New York Labor Law**

The FLSA defines employer as, "any person acting directly or indirectly in the interest of an employer in relation to the employee."  29 U.S.C. § 203(d).  New York Labor Law parallels the FLSA's interpretation of employer. Courts have adopted the "economic reality" test in determining whether one qualifies as an employer under the FLSA or the New York Labor Law. The factors examine whether the alleged employer (1) had the power to hire and fire, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records, though no single factor is dispositive. Cater v. Dutchess Community College, 735 F.2d 8 (2d Cir 1984); Herman v. RSR Sec. Servs., 172 F.3d 132 (2d Cir 1999); Yang v. ACBL Corp., et al, 427 F.Supp.2d 327 (S.D.N.Y. 2005). In the present case, the defendant does not qualify as an "employer" under the FLSA or New York Labor Law because none of the listed factors apply to an individual who is simply a landlord.

Defendant David Wang was not an employer and rather a landlord to the restaurant Wok & Roll or Woh Hup Inc.  Applying the "economic reality" test to the instant case, first, as landlord, Defendant David Wang has no power to hire and fire Plaintiff or any other employees of Wok & Roll or Woh Hup Inc.  Defendant David Wang has never hired any of Wok & Roll or

Woh Hup Inc. employees. Instead, David Wang has been the landlord to Wok & Roll and Woh Hup Inc. for the entire duration, September 2001-September 2011, of Plaintiffs alleged employment at Wok & Roll.

With respect to the second factor, Defendant David Wang exercised no control over Plaintiff or any other employees of Wok & Roll during September 2001 through September 2011. Defendant David Wang's primary residence is in China and he visits the premises about 10 to 15 days a year for the purpose of reviewing his accounting of his real estate investment business and visiting his son. Furthermore, Defendant David Wang has never created a work schedule for employees of Wok & Roll and Woh Hup Inc. And, since there is no employer-employee relationship between the parties, David Wang never determined the rate and method of payment nor did he maintain employment records of Plaintiffs or any other employees of Wok & Roll or Woh Hup Inc. Furthermore, Defendant David Wang has no interest and never put any start up capital in Wok & Roll 68 Inc. or Woh Hup Inc.; and merely has been and continues to collect rent.

A summary of the case law on the issue demonstrates that Defendant David Wang does not make an "employer," nor does a landlord equate an "employer." For instance, in Moon v. Kwon, 248 F. Supp. 2d 201 (S.D.N.Y. 2002), the court ruled the president of a hotel actively participating in decisions involving the terms and conditions of the plaintiff-employee's employment, including day-to-day job responsibilities, compensation, health care benefits and housing was liable as an "employer" under both federal and state law. Id. at 237. Moon v. Kwon was a clear example of a case that falls on the high end of the spectrum finding definite employer liability. Unlike, in Moon v. Kwon, Defendant David Wang is nowhere in spectrum of

liability, there are no additional facts in the instant case, other than, he is a landlord to Wok & Roll with no interest in Wok & Roll.

Generally the courts have found were the alleged employer is viewed as the "boss" but does not actually take action as in <u>Moon v. Kwon</u>, no employer liability lies. In <u>Chao v. Vidtape Inc.</u>, 196 F.Supp.2d 281 (E.D.N.Y. 2002), the court ruled that the father of the sole shareholder of a videotape marketing company was not an "employer" for FLSA purposes because the father did not give orders to fire, hire or set policies for employees, despite the employees' impression of him as a "boss." In <u>Perez v. Sanford</u>, 515 F. 3d 1150 (11th Cir. 2008), the alleged employer was an officer, majority shareholder and the managing agent of a racetrack facility. Although he was known as the "head boss," his sons actually operated the business and they, not their father, had the ultimate authority over employees. In <u>Patel v. Wargo</u>, 803 F.2d 632 (11th Cir. 1986), the Eleventh Circuit ruled that the president, director and principal stockholder of the corporate defendant was not personally liable as an "employer" since he did not actually have "operational controls of significant aspects of [the company's] day-to-day functions, including compensation of employees or other matter in relation to an employee." <u>Id</u>. at 637-38. Because he lacked the operational control necessary for the imposition of liability as an "employer" under the FLSA, it did not matter that the individual could have played a greater role if he so desired. <u>Id</u>.

In the cases listed above, the alleged "employer" was either viewed as the "boss," had a financial interest in the business or both. In our case, Defendant David Wang lives in China and only visits the premises ten (10) to fifteen (15) days a year to manage the accounting of his real estate investment business. He has never given an impression of being the "boss" and he has no financial interest in Wok & Roll. Plaintiff has negligently named David Wang has a Defendant in the instant case due solely on the collection of rent from Wok & Roll.

Pursuant to FLSA and New York Labor Law, Defendant David Wang does not meet the requisite of "employer." As such, Plaintiff has failed to properly bring the action against David Wang.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss the complaint against Defendant David Wang.

Dated:  New York, New York
        August 20, 2012

    Respectfully Submitted,

    /s/ Heng Wang
    Heng Wang, Esq.
    Heng Wang & Associates, P.C.
    7 Mott Street, Suite 600A
    New York, NY 10013
    Tel: 646-543-5848
    Fax: 646-572-8998

    Attorneys for Defendant David Wang